## No. C-644

**Doyle T. Johns, Jr., District Attorney in and for the Thirteenth Judicial District, State of Colorado v. Robert A. Powell, William C. McCoy and Raymond Jones, individually and as the Board of County Commissioners of the County of Yuma, State of Colorado**

(543 P.2d 1261)

Decided December 22, 1975.

Doyle T. Johns, Jr., District Attorney, pro se.

R. C. Stephenson, County Attorney, Hurth, Yeager & Sisk, John M. Yeager, for respondents.

Michael C. Stern, for Colorado District Attorneys Association, amicus curiae.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to the Colorado Court of Appeals to review the decision of that court upholding the position of the County Commissioners of Yuma County in a salary dispute with the district attorney, Johns, (petitioner here). *Johns v. Powell,* 35 Colo. App. 108, 532 P.2d 971 (1974).

■ The trial court in the action filed by district attorney Johns entered judgment in his favor, ordering the county commissioners to pay their proportionate share of the salaries of the part-time deputy district attorneys on a pro rata basis with other counties in the district. The court of appeals reversed, holding that 1971 Perm. Supp., C.R.S. 1963, 45-3-3(1) and (2), unambiguously provided that only the salaries of full-time deputies are to be assessed against the counties in proportion to the population each county bears to the whole population of the judicial district.

It now appears from the record and the statements of the parties that the disputed payments were made by the county in the year 1973 when suit was brought. In the subsequent years of 1974 and 1975, while this matter has been pending in both the court of appeals and here, a district court order to the county commissioners to pay their proportionate share of the salaries has been in effect and has not been stayed. Under that order the payments for both of those years either have been made or should have been, and if they were not made, it is hereby ordered that they be brought up to date in conformance with the district court judgment.

Additionally the resolution of the dispute by the court of appeals and the interpretation of the statute was ordered to take effect prospectively and not to become effective until after the mandate which has been stayed while the matter has been in this court.

The year 1975 is now drawing to a close, and in the meantime during the 1975 session of the legislature the statute under dispute was repealed and a new statue was enacted governing compensation of part-time deputy district attorneys for the future. Colo. Sess. Laws 1975, ch. 178, 20-1-203 at 657. The interpretation of the new statute and method of payment of salaries of part-time deputies under it is not before us. If another contro-

versy arises under the new law, we leave its resolution for another day.

Under the circumstances, an interpretation of the statute in question by us or the interpretation by the court of appeals which was to take effect prospectively have been rendered moot.

Accordingly the petition for writ of certiorari is dismissed.